United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41381
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO JIMENEZ-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-748-ALL)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alejandro Jimenez-Sanchez ("Jimenez") appeals his conviction and the 46-month sentence imposed following his plea of guilty to a charge of illegal reentry to the United States, a violation of 8 U.S.C. § 1326. We affirm his conviction but vacate his sentence and remand.

Jimenez contends that his sentence must be vacated because he was sentenced pursuant to mandatory sentencing guidelines that were held unconstitutional in United States v. Booker, 543 U.S. 220

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005).  He asserts that the error in his case is reversible because the error is structural and is insusceptible of harmless error analysis.  Contrary to Jimenez's contention, we have previously rejected this specific argument.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

The government concedes that Jimenez's objections preserved the sentencing issue for harmless error review.  Jimenez contends that the government cannot show that the error that occurred at his sentencing was harmless.  We review Jimenez's challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a).  See Walters, 418 F.3d at 463.

Jimenez was sentenced at the bottom of the guideline range, and the district court made no comment regarding the sentence.  The record provides no indication, and the government has not met its burden of showing that the district court would not have sentenced Jimenez differently under an advisory guidelines system.  See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005).  Thus, the error was not harmless as a matter of law.  Accordingly, Jimenez's sentence is VACATED, and his case is REMANDED for further proceedings consistent with this opinion.

Jimenez's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Jimenez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530

2

U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Jimenez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Jimenez's conviction is AFFIRMED.

AFFIRMED IN PART; VACATED IN PART; REMANDED.